## SUPREME COURT.

THOMAS BEALS agt. SIMEON BENJAMIN and others.

*Monroe Special Term, October,* 1864.

E. DARWIN SMITH, *Justice.*

MOTION for extra allowance. The cause was tried before a referee, and judgment perfected upon his report, which was docketed June 21st, 1862, for $31,589.09.

| | |
|---|---|
| Damages | $31,462 30 |
| Costs | 126 79 |
| | $31,589.09 |

From this judgment an appeal was brought to the general term, where the same was affirmed at the general term of this court, held in September, 1864. An application is now made for an extra allowance, upon affidavits showing the character of the litigation, the time consumed in the trial and in the preparation for it, and the care and labor of counsel, &c., usual in such cases.

E. G. LAPHAM, *for motion.*

D. J. SUNDERLAND, *for defendant.*

E. DARWIN SMITH, J. The affidavit upon which this motion is founded, and the case at general term referred to, present, I think, a very proper and clear case for an extra allowance, under section 309 of the Code. The only question, therefore, is whether the application is made in time. It has been held in one case at special term, *Van Rensselaer* agt. *Kidd* (5 *How. P. R. p.* 242), and in one or two cases in the superior court of New York, that an extra allowance could not be granted after judgment, and could only be granted so as to go into the judgment rendered at the circuit or at special term, or by a referee in the first instance. The case of *Van Rensselaer* agt. *Kidd,* in 5 *Howard,* was like

the present case, except that the judgment had been rendered at the circuit, and in this case it was rendered upon the report of a referee. The case of *Morton* agt. *McCormick* (3 *Sand.* 755), was a case where judgment had been rendered at special term, and the application for extra allowance in both cases was made after the affirmance of the judgments respectively at general term, and the applications were denied on the ground that they were made too late and the extra allowance must be granted in time to go into the judgment as part of the charges for costs. The cases are, therefore, identical in principle with the one now presented to me on this motion. Soon after I came upon the bench, my attention was called to this question of extra allowances, under section 308, as the Code then stood, and I found that an impression prevailed, derived from the above mentioned cases, and perhaps some other loose decisions or expressions of judges at the circuit or at special term, that the application for an extra allowance must be made at the circuit, or before judgment in the first instance, although the litigation had, in fact, then but just begun. It seemed to me that this view proceeded upon an erroneous and very narrow construction of the section of the Code giving the extra allowance, and I took occasion to intimate this opinion in the case of *Powers* agt. *Wolcott* (12 *Howard's P. R.* 565), where I said that, "Unless the cause is to stop at the trial, these applications for an extra allowance should not be made till all the litigation was ended." In discussing the question in that case, what would constitute an *extraordinary case* within the meaning and intent of section 308 of the Code, as it then stood, I further said, "That the term must apply to the general character of the cause, the nature and extent of the litigation involved in it, *the period of its continuance*, the trouble of conducting it in respect to witnesses, counsel and parties, their situation, number and traveling and other expenses, the time consumed in the trial, *and the extent of the*

*litigation afterwards.*" All these considerations (I said) enter into the question whether the suit was an *extraordinary* one, I said also in respect to that case, "That if the suit ended then, I saw no grounds for an extra allowance; but if it should be litigated further, it might be a proper case for such allowance when the litigation was at an end." The extra allowance, I conceived, was intended to be given and made in view of the litigation throughout the cause from the beginning to the end. The application for it is to the discretion, the sound, judicial discretion of the court, in view of the *whole history of the cause*, and the character and extent of the litigation therein. Some little sanction has been derived for these opinions at special term, and in the superior court of New York, from one brief case in the court of appeals, the case of *Wolf* agt. *Van Nostrand* (2 *Com.* 570). In this case an application was made in that court for an extra allowance, and the motion was denied, without any opinion written; the reporter stating Judge BRONSON as saying, that the allowance could only be made by the court of original jurisdiction, and in reference to the trial in that court. This decision was right; nothing was considered or decided in it, except that the application for the extra allowance must be made in the court where the cause originated. It expresses no opinion on the question *when* the application must be made in such inferior court, and no such question was before the court.

In considering this question, the whole provisions of the Code relating to costs should be taken into view. Sections 304, 306, declare the cases in which costs shall be recovered; section 307 gives the particular items recoverable by the prevailing party in all stages of the cause, from its commencement till its final decision in the court of appeals, treating it as *one continuing cause* in all these stages and steps, before trial at the circuit, at special term, at general term, and in the court of appeals. Section 308 then begins

as follows : " *In addition to these allowances*, there shall be allowed to the plaintiff, on the recovery of judgment by him in partition, and for the foreclosure of a mortgage, or in an action in which a warrant of attachment has been issued, or in an adjudication upon a will, and in proceedings to compel the determination of claims to real property," the sum of ten per cent. on the recovery, and not exceeding $250, and an *additional* sum of five per cent. for any additional amount not exceeding $400, and an additional sum of two per cent. for any additional amount not exceed-$1000. The next section (§ 309), prescribes how the rates shall be estimated, and then in the same connection has the following : " In difficult and extraordinary cases, where a trial has been had, except in those cases mentioned in section 308 (except actions for the partition of land), and in actions for the proceedings for the partition of land, the court may also, in its discretion, make a *further allowance*," &c. A party in an action is clearly entitled to fees under all these sections, if the services be rendered. Under section 307, he is entitled to all the fees for services rendered in the supreme court and in the court of appeals, and then the extra allowance is in *addition* to all such fees. It is an additional allowance over and above the particular fees or allowances expressly given for the specific services. This is completely illustrated by the case of a suit for the partition of lands. Clearly, if the case should go to the court of appeals, the party would receive all the costs fixed or prescribed in section 307 ; and then, by the express terms of section 308, he would recover the extra allowance fixed in that section ; and then, by the express terms of section 309, such extra allowance as the court might grant, " a *further allowance*," as it is called in section 309. This allowance is expressly in *addition* to the allowance of section 307, as termed in section 308, and a *further allowance* in section 309. All these allowances made under both sections 308 and 309 *imply and presuppose* that the party

Beals agt. Benjamin.

recovers, of course, all the specific allowances prescribed in section 307. And it seems to me necessarily to imply. that the application for such *additional* and *further* allowance must be made after the services are rendered for which the specific allowances of costs are given in section 307; else they are entirely nugatory and inoperative. For, if these extra allowances must be applied for before the services are rendered for which specific fees· are given in section 307, at the general term and in the court of appeals, they cannot be properly termed *additional* allowances in respect to such fees or costs. It seems to me that, upon a fair construction of these three sections together, the extra allowance of section 309 is to be made *in addition to* and as a *further* allowance after all such costs are *recoverable* and *allowed*, and precisely the same as when the extra allowance was given by section 308, as in the Code of 1848, when first enacted. This would imply that the application for the extra allowance may be made after the litigation is at an end, as I said in *Powers* agt. *Wolcott*. But, further, the language of the section, I think, scarcely admits of any other interpretation, and least of all, the interpretation that the extra allowance is limited to the trial. It is given in " difficult and extraordinary cases *where a trial has been had.*" In this no restriction or limitation is put upon the power of the court to grant this allowance at any time after it gets jurisdiction of the cause, except that a *trial must be had.* It cannot be granted if a suit is settled before trial. *If a trial is had,* it can be granted, so far as the power is concerned, at any time afterwards, in the discretion of the court. No limitation exists, except, I think, the extra allowance must be granted so as to go into a judgment upon an adjustment of costs, when it can be included in a judgment upon which an execution can issue. I think this is implied from the connection between these sections, 308 and 309, that these extra allowances are to be deemed *costs*, as if in the fee bill, and are to be incorporated in a bill

of costs adjusted under the statute. They are costs to be added to the costs in this court, at the special term, at the general term, and in the court of appeals, to be adjusted in this court, and to go into the final judgment. After final judgment, this allowance, I think, cannot be made to be collected as upon an order in interlocutory proceedings. The decision in the case of *Kidd* agt. *Van Rensselaer*, by Judge PARKER, above cited, virtually cuts off the party from an extra allowance, except for a *trial fee*, when he takes judgment at the circuit in conformity with the verdict. An extra allowance then made would ordinarily be small. If then made, it can have no proper reference, except to what has transpired in the cause. Such a construction does great injustice to counsel who may be employed in important causes, the chief labor of which will ordinarily be spent in the examination of the law and the preparation of the cause for review, and of their briefs to argue the cause in the general term and in the court of appeals, by cutting them off from a proper compensation, or compel them to resort to their clients for counsel fees, much of which should be paid by the adverse party. There is no necessity for such a construction of the section 309, because, upon an appeal to the general term, and also upon an appeal to the court of appeals, there is a new adjustment of costs, in which the extra allowance may be included. The idea that the extra allowance is limited to the trial of a cause, has, therefore, no other foundation than the simple fact that, in the language of the statute, it cannot be granted unless "*a trial has been had*" in the cause. If it had been intended to give an extra allowance simply *for the trial* of a cause, and give the extra allowance for no other labor or service in the cause, how easy would it have been for the legislature to have said so in appropriate language. If it had been intended thus to confine the extra allowance to the trial, and for the services of counsel thereat, and there exclu-

sively, the language would have been somewhat in this form: "*For the trial of a cause,*" or, "for extra services on the trial of a cause," or in language to the like substance and effect. Unless, therefore, the extra allowance is thus limited, it must or may be granted at the end of the litigation, upon the principles asserted by me in respect to what should constitute an extraordinary case, as stated in the case of *Wolcott* agt. *Powers, supra,* and cannot be given at any other stage or period in the progress of the cause, so as to give fair indemnity to the prevailing party for his costs, expenses and counsel fees *incurred in the course of the litigation.*

Since the foregoing was written, I have referred to the report of the Commissioners of the Code, and think there is much in it to confirm these views. In their first report to the legislature, title 10, page 210, "in respect to costs in civil actions," they say, "We propose to abolish the fee bill altogether, to cut up at once this prolific source of complaint and abuses, and place the law on its proper footing of *indemnity* to the party whom an unjust adversary has forced into litigation." They further say, "The losing party should, as a general rule, pay the expenses of the litigation. He has caused a loss to his adversary, and should indemnify him for it." "To satisfy these principles, some mode of *indemnifying* the successful party for the expense of the suit should be provided." "Then how shall this indemnity be regulated. It cannot be adjusted with *precision* from the nature of the case, but we can get an approximation to it. There are two modes; one by letting the court and jury fix it in each particular case, the other by giving certain allowances *graduated in part by the necessary labor performed, and in part by the amount in controversy.*" "The latter," they say, "strikes us as preferable." "*We shall thus provide an indemnity approaching in a degree the amount which the client will have to pay his counsel.* The compensation will depend generally upon the *difficulty of the case*

and the *amount of the risks.* A commission upon the amount will cover the last, and the specific charges will in a considerable degree cover the first." Upon these principles the commissioners proceeded to prepare the title and sections of the Code relating to costs in civil actions. In the first section of this title, by section 258 of the Code, as passed in 1848, and 303 of the present Code, they provide to repeal all statutes establishing and regulating costs, and then say : " But there may be allowed to the prevailing party upon the judgment, certain sums by way of *indemnity* for his expenses in the action." They then prepared the provisions as contained in the four subsequent sections, Nos. 259, 260, 261 and 262, in substance as they passed and as they now stand, with the amendments and additions since made in sections 304, 305, 306 and 307 of the present Code. This principle thus asserted was carried out with care, to ensure an *indemnity* to the successful party. Section 262, as reported, contained the specific allowances as passed in the Code of 1848, and still retained in form just as passed, except some of the amounts have been increased and some of the subdivisions have been added to and otherwise amended; but the legislature adopted and since has retained in the Code the form of allowances and the precise mode and language recommended by the commissioners. In the section 262, as reported, and now in section 307 of the Code, specific allowances are made for services in the cause "*before trial*" and "*for the trial,*" discriminating between trials of law and fact; also an allowance "to either party on appeal, excepting to the court of appeals," and to " either party on appeal to the court of appeals," as now in section 307. Then in another section (263) they provide as follows : "*In addition to these allowances,* if the action be for the recovery of money or of real or personal property, and a trial has been had, the court may allow at the rate of — per cent. on the recovery or claim."

This section was amended by the legislature as it appears in the original Code of 1848, by inserting after the words " court may," the words " in its discretion in difficult or extraordinary cases," being the same language now in section 309, except that " and " has been substituted for " or," between the words " *difficult and extraordinary.*" It will thus be seen that the principle asserted by the commissioners, and upon which they based and framed the provisions of the Code relating to costs, was that of *indemnity "for the necessary labor performed"* in the progress of a cause *from its commencement till its conclusion in the court of last resort,* and that the specific allowance was designed to be a partial not a *full indemnity,* and that the legislature adopted the Code as recommended to them substantially on this point, and it has so continued; and it also appears that the provision for an *extra allowance* in the discretion of the court, as reported and passed in section 263 of the original Code, was inserted and retained to be, and was and is in express words, " *in addition to these allowances.*" That is to say, the extra allowance for indemnity was in express terms *in addition* to the specific allowance for services in the cause *up to and on the trial, on appeal to the general term, and on appeal to the court of appeals.* Such is the statute, and it cannot be otherwise interpreted without violence to it, and without discarding part of its terms. How it ever came to be considered that this extra allowance could only be granted at the circuit, or *for the trial of the cause,* or before the judgment there rendered, I cannot conceive. The allowance is *in addition* to the sums specifically allowed on appeal to the general term, and on appeal to the court of appeals, as much so as to those at and before the trial at the circuit. The principle of *indemnity* " for labor and services performed " in the cause, applies to such services as much as it does to those on the trial, and cannot be satisfied by cutting off all allowances after the primary judgment, which is necessarily to be taken,

by appeal to the general term for review. The provisions in the fee bill, as contained in the original section 262, and as it is now in section 307, is "to either party on appeal," which means of course an appeal from a *judgment* at the circuit, not a review on a case or exceptions, for that is not an appeal. The indemnity intended by the commissioners and by the legislature in section 303, must mean an allowance proportioned to "labor and services performed" in a cause such as will approach, in the language of the commissioners at page 207, "the amount which the client will have to pay his attorney and counsel." How can such allowance be made at the trial and do complete justice? It can only give indemnity up to *that time*, in addition to the specific allowance then earned. Such an allowance will entirely fail to give a proper *indemnity* if the cause is appealed. In *The People* agt. *Clarke* (11 *Barb.* 344), Judge WILLARD in speaking of the extra allowance of the Code, says: "It is evident that the legislature intended, in the cases within the section, that the prevailing party should be *indemnified* to the extent permitted to be allowed for all his expenses which were reasonably necessary in the prosecution or defence of the action." He also says in that case that the extra allowance "should be enough to indemnify the defendant for the sums he has paid for counsel fees," &c.

This case was affirmed in the court of appeals (*vide Seld. Notes of Decisions of December Term*, 1853), where it was held that the cause was a proper one for an extra allowance to be made in this court. I am not aware that this question has ever been presented to this court at any general term. The case of *Bostwick* agt. *The Tioga R. R. Co.* (17 *How.* 456), was not a case for an extra allowance, for *no trial* had been had, and no recovery of judgment. I do not think the question was or could have been fully discussed, or very carefully considered in the special term cases above referred to in this court, or in the cases in the

. superior court of New York, and being entirely satisfied that such decisions tend to nullify the statute, and defeat the legislative will in respect to this extra allowance, so far as it was intended that the defeated party in a severe litigation should indemnify the opposite party, by paying by way of extra allowance the reasonable counsel fees of his counsel, I do not think it my duty to follow those cases. This court has, therefore, in my opinion, complete jurisdiction over this question of an extra allowance. The costs are to be adjusted in all stages of the cause in this court and under its control. The provision authorizing the court to give an extra allowance, is a general and extensive grant of power and jurisdiction over the question and subject, which can more wisely and discreetly be exercised when the litigation is at an end, and may be exercised whenever the court is applied to to allow or adjust costs, or to enter a judgment. An extra allowance may be granted after trial at the circuit, after appeal to the general term or court of appeals, whenever there is to be an adjustment of costs. In this view, as I have no doubt this is a proper case for an extra allowance, and this a proper time to make application therefor, I shall grant an extra allowance in this case of three per cent. on the amount of the recovery.

From the order made in accordance with the foregoing opinion, an appeal was taken to the general term. This appeal came on for argument at the late March general term in Monroe, at the same time with an appeal from an order made by Judge WELLES, in the suit of *Freeman Clark* agt. *The City of Rochester*, in which a similar application for extra allowance was made and denied (*supra*). All the justices of the 7th district were present at said term, and in the case of *Clark* agt. *The City of Rochester*, Justice E. DARWIN SMITH retired from the bench on the argument, and in this case Justice J. C. SMITH retired from the bench during the argument, so that Justices WELLES and JOHNSON sat in both cases, and decided both cases. Justice J. C.

SMITH not concurring in the decision in the case of *Clark* agt. *The City of Rochester*, and Justice E. DARWIN SMITH not concurring in the decision reversing the order made in this cause.   No opinion was written at general term.   Justice E. DARWIN SMITH *dissented* from the decision.

E. DARWIN SMITH (*dissenting*).   I cannot concur in the reversal of the order made by me at special term, and adhere to the views then expressed.   The reversal is put, as I undestand it, upon the grounds contained in the opinion of my brother WELLES, in the case of *Clark* agt. *The City of Rochester*.   The facts of this case, it seems to me, are a complete answer to the opinion of my brother WELLES in that case.   In that opinion he treats the extra allowance as though it were part of the *damages*—like interest, necessarily to be included in the primary judgment at the circuit, or not recoverable, and lost absolutely.   In this case the extra allowance it appears before us on the motion to dismiss the appeal, was in fact included in the adjustment of costs upon the affirmance by the general term of the judgment rendered upon the report of the referee who tried the cause.   Judgment had been duly entered up and perfected, and an appeal therefrom duly taken to the court of appeals, before the bringing of the appeal from the order granting the extra allowance, which appeal is still pending in that court.   This judgment was, therefore, clearly valid.   It could not have been set aside for irregularity, and the order of this court reversing the order at special term, will be clearly inoperative until the judgment is opened and the costs readjusted, and the extra allowance stricken out.   This court clearly now has no such power over this judgment.   It is before the court of appeals for review. This it seems to me shows that the extra allowance can clearly be made after the judgment at the circuit, whenever it can be included in any adjustment of costs, and go into a judgment, and that such judgment including such extra allowance will be clearly valid, and this seems to me

to confirm my view at special term, that this extra allow-ance may be granted by the court whenever it can be inclu-ded in a judgment entered up under its authority.

No question is made that the extra allowance was proper in amount and made in a proper case, if it had been granted before judgment.